## HART v. CITY OF NEW ORLEANS.*

*(Circuit Court, E. D. Louisiana.  November, 1882.)*

REMOVAL OF CAUSES UNDER REV. ST. p. 639, § 3—AFFIDAVIT.

> The affidavit required by the act of 1867 (14 St. 558; Rev. St. p. 639, § 3) to be made by the petitioner for the removal of a case from a state court to the federal court, on account of "prejudice and local influence," may, in the absence of the petitioner, be made by his attorney of record, if the affiant swears that both himself and his client "have reason to believe, and do believe, that from prejudice and local influence he *will not be* able to obtain justice."

*A. G. Brice* and *Edward H. Farrar*, for plaintiff.

*Charles F. Buck*, City Atty., for defendant.

BILLINGS, D. J.  The cause is submitted on a motion to remand, the question being whether, under the local-prejudice act of 1867, the affidavit may be made by the attorney of record.  The affidavit is in the form prescribed by the statute, that *the plaintiff*, who is a citizen of the state of New York, "has reason to believe, and does believe, that from prejudice and local influence he will not be able to obtain justice."  The affidavit sets out the absence of the plaintiff as the reason why the affidavit is not made in person by him, and the hardship which will result from the times of the recurrence of the terms of the United States circuit court, whereby a long delay will be necessitated in the progress of the cause, and is accompanied by a petition of the plaintiff, through his attorney, for a removal.

The question is whether this affidavit is an affidavit *made* by the plaintiff, within the meaning of the statute.  I think the object and history of the statute show that it is.  Under the act of 1789 an alien or citizen of another state must be a defendant, and must be sued alone in order to be entitled to remove.  The act of 1866 (14 St. 306) provided that a defendant, who was an alien or foreign citizen, might remove his cause even when he was sued with others, and the purpose of the suit was to enjoin him, or when his controversy was severable from that of the other defendants.  This act of 1867 (14 St. 558) is declared to be amendatory of the last, and permits any foreign citizen, be he plaintiff or defendant, who has a suit pending with a resident citizen in the courts of the state of the latter, to remove the cause upon making and filing the affidavit.  The object of the statute was, in cases which, according to the federal constitution, were embraced within the judicial power of the Union, to give any

---

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

foreign citizen the right peremptorily to elect to have his cause tried in the courts of the Union if he exhibited to the court proof by affidavit that he feared he could not obtain justice by reason of local prejudice. The allegation of local prejudice cannot be traversed, and need not specify any grounds. When made and exhibited to the court in the form of an affidavit, it works absolutely and arbitrarily a removal. The election of the party to remove, and the statement of his fear and belief, verified by the oath of some person who reasonably knows the same, are, it seems to me, the sole requisites imposed by congress. To require more would restrict unreasonably the protection afforded by the law. The affidavit in behalf of a party in his absence, made by the attorney, as to a fact which the attorney might and almost necessarily must know, affords to the opposite party even a better security than that of the client could, and is the affidavit made by the party, within the meaning of the statute.

The motion to remand is denied.

See *Hobby* v. *Allison,* 13 FED. REP. 401, and note, 405.